Green J.
delivered the opinion of the court.
In this case a decree was pronounced by .the Chancery Court at Franklin, against the defendants, which among other things, ordered the. lands of the late Jesse Wharton, the testator of Smith, to be sold by the Clerk and Master.
The land was sold in pursuance of the decree, and Alfred M’Gregor became the purchaser of one of the tracts and executed to B. Litton, the Clerk and Master, his three notes, due at one, two and three years, for f 19861 each. William Ledbetter and Henry Norman were sureties to these notes. Payment not having been made, B. Litton, Clerk and Master, brought actions at law on the notes, and recovered judgments.
M’Gregor filed a bill in the Chancery Court at Murfrees-bórough enjoining two of the judgments. Litton answered and the injunction was dissolved, and executions were awarded, on condition that Litton should give a bond to refund, should the court so order on the final decree. No such bond has been .given.
Pending this bill at Murf'reesborough, the-complainants in *146 the original cause gave notice to M’Gregor and sureties, to make payment of the money due by his said purchase, or they would move the Chancery Court at Franklin, where said cause is still pending, to decree the payment thereof and award execution. Payment not having been made, the court at Franklin decreed the payment of the money yet due, against M’Gregor and his sureties, and awarded execution for the same, from which decree they appeal to this court.
Upon these facts the defendants insist — 1st. That the Chancery Court at Franklin had no power to decree against the defendants as parties to the cause, by reason of M’Gre-gor’s purchase of property sold by its order and the surety-ship of the other defendants for him. Upon this question we have no difficulty. The able argument of the complainant’s counsel is conclusive as to the power of the court, upon reason and upon authority. Every court must have an inherent power of enforcing its judgments and decrees; and surely to no tribunal can this power more properly belong than to the Chancery Court. It has under its control all the sales made by its order, until a final disposition is made of the cause. It can set aside the sale altogether, or open the biddings, or make any other order that may be necessary for the enforcement of the decree. The purchaser at a sale, made by order of the court, must come into court, to obtain a decree, vesting in him the title to the property purchased. He is a party to the cause, for the purpose of obtaining a decree to make his purchase effectual; and can it be said, he is not a party when the conditions to be performed by him are to be enforced? Surely not. The purchaser being a party, his sureties by their undertaking, become subject to all his liabilities. In England, the Chancery Court proceeding in personam, would order a purchaser to complete his purchase by a day specified, and on failure to do so, an order would be made to pay the money into court by another given day, or stand committed for a contempt. 2 Madd. Chy. 402-3. But our act of 1787, ch. 22, sec. 2, (C. and N. 215,) provides, that in all cases where decrees may be made for any sum of money, execution may issue as at law. Sec. 2, M’Chord’s Chy. R. 165; 1 Gill and Jh. 511; and the case of Woods vs Mann, *147 3 Sumner’s Rep., wheré the questions now before the court were directly decided.
2. But it is said, that suits at law and the chancery' suit at Murfreesboro’ are impediments to the proceeding that has been adopted in this case. We do not think these proceedings at all interfere with the jurisdiction of the court in this cause. The suits at law were improperly instituted. Those judgments ought to have been enjoined when the order in this cause was made, and the defendants should not be charged with the costs in those cases.
As to the suit in equity at Murfreesboro’, the court has no jurisdiction to interfere with another Chancery Court for the purpose of enjoining the execution of its decrees. If this were allowable, there would be endless collisions in the jurisdiction of the diiferent Chancery Courts. The Chancery Court of one district sends its fi. fa. in execution of its decree to another county, and the Chancellor of that district enjoins all proceedings upon the process; how could decrees be carried into effect? And such a case does not differ in principle from the one now before us. Here, the Clerk of the Chancery Court at Franklin, in execution of the decree, obtains judgments on these notes, and they are enjoined by bill in another county. It has no power to do so. Nor is this any hardship on the defendants. If they have any ground for equitable relief, the Chancery Court at Franklin, where the cause is pending, is the proper forum to which they should apply by petition. In the case of Smith vs. Brittain, 3d Iredell’s Eq. Rep. page 347; Ruffin, Ch. J. says, “A sale by the master in a case of this kind, is but a mode of sale by the parties themselves. It is not merely a sale by the law in invito of such interest as the party has, in which the rule is, caveat emptorf “hence if a purchaser pays his money on a master’s sale, and discovers a defect in the title at any time before a conveyance executed, he may recover it back.”—See also Sugd. Vend, 345; 3 Bos. and Pul. 162. In the same cas.e it is held, that the purchaser’s remedy is by petition in the cause in which the sale was ordered. If he file a bill and make the parties of the original cause defendants, he may have his decree, but he shall pay the costs.
*148 This cause will be remanded to the Chancery Court at Franklin to proceed in execution of its decree, when it will order the judgments at law to be enjoined, and that the costs be paid out of the funds in the cause.